FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 JUN 22 PM 1:05
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHNQUL RAMON MCKAY, )
)
    Petitioner, )
)
v. ) CASE NOS. CV416-081
)           CR407-226
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 4), to which objections have been filed (Doc. 8). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2255 Petition and Motion for Abeyance (Doc. 3) are **DENIED**. In addition, Petitioner is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner maintains that the Department of Justice and all other Circuit Courts of Appeal to have addressed the issue have concluded that the

United States Supreme Court's decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551, 2557-58 (2015), is retroactively applicable to claims for habeas relief from career criminal enhancements imposed using that guideline provision's residual clause. (Doc. 7 at 2-3.) As a result, Petitioner contends that the Eleventh Circuit Court of Appeals wrongly decided in <u>United States v. Matchett</u>, 802 F.3d 1185, 1194 (11th Cir. 2015) that <u>Johnson</u> was inapplicable to collateral attacks on sentences enhanced using the career criminal provision's residual clause. (Doc. 7 at 2.) On this score, Petitioner is entirely correct: the Eleventh Circuit's position is beginning to appear as an outlier among its sister circuits. However, that does not change the law in this circuit, in which Petitioner had the misfortune of being convicted. Even where it to disagree with the Eleventh Circuit, this Court is simply not permitted to ignore clearly established precedent. For this reason, Petitioner's objections are without merit.

SO ORDERED this 22ND day of June 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA