# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHNQUL RAMON MCKAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR407-226 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Defendant Johnqul Ramon McKay pleaded guilty to one count of using or carrying a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 942(c).  Doc. 38[1] (Judgment).  He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in March, 2016.  Doc. 41.  Judgment was entered denying the motion in June.  Doc. 50.  He has now filed an "amended" § 2255 motion.  Doc. 67.  Shortly after he filed that motion, the United States Court of Appeals for the Eleventh Circuit denied his request for leave to

---

[1] The Court is citing to the criminal docket in CR407-226 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

1

file a second or successive § 2255 motion. Doc. 68. Because his motion is successive and he has not secured the necessary permission from the Court of Appeals, this Court lacks jurisdiction to consider it.

"Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in § 2244 . . . ."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (explaining that a dismissal without prejudice for being an unauthorized, successive motion is not judgment on the merits for the purpose of determining that a later petition is successive).

Since McKay's motion is successive, as the Court of Appeals recognized, doc. 68 at 1-2, and was not authorized, *id.* at 5, it should be **DISMISSED**. Doc. 67. Applying the Certificate of Appealability

standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this 20th day of November, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA